FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2019 MAR -7 PM 12:44

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 19cr30013 MGM |
| | Violations: |
| v. | Count One:<br>Conspiracy to Commit Theft of Government Money or Steal Government Money<br>(18 U.S.C. § 371) |
| (1) HILDA GRIFFIN, and<br>(2) DAQUAN HARRIS, | Counts Two to Seven:<br>Theft of Government Money<br>(18 U.S.C. § 641) |
| Defendants | Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

## INDICTMENT

### General Allegations

At all times material to this Indictment:

1.  Defendant Hilda GRIFFIN, the mother of three minor children M.N., J.N., and J.B., resided Springfield, Massachusetts, or elsewhere in the District of Massachusetts.

2.  Defendant Daquan HARRIS was a resident of Springfield, Massachusetts.

### Overview of the Conspiracy

3.  Beginning in or about December 2014, and continuing until through in or about October 2016, GRIFFIN and HARRIS obtained more than $20,000 from the Social Security Administration ("SSA") by making false and fraudulent representations regarding the custody of GRIFFIN's three minor children M.N., J.N., and J.B. HARRIS's misrepresentations caused SSA to issue benefit payments to him as the representative payee of the minor children. Thereafter, HARRIS provided some of the payments received to GRIFFIN, as they had previously agreed.

## Objects of the Conspiracy

4.  The object of the conspiracy was for GRIFFIN and HARRIS to enrich GRIFFIN by stealing Social Security benefits intended for GRIFFIN's minor children, M.N., J.N., and J.B., through false and fraudulent pretenses, representations, and promises.

5.  Specifically, prior to October 2014, GRIFFIN served as representative payee for three of her minor children, M.N., J.N., and J.B., on whose behalf she received their Social Security Benefits. In or about October 2014, DCF removed M.N., J.N., and J.B., from GRIFFIN's custody, rendering her ineligible to continue to receive Social Security benefits on behalf of the three minor children. Therefore, in order to continue to receive payments from SSA, GRIFFIN and HARRIS conspired, beginning in or about December 2014, to have payments made to HARRIS as the representative payee for GRIFFIN's minor children, M.N., J.N., and J.B., despite the fact that they were not in his custody, and for HARRIS to provide GRIFFIN with the payments, to which GRIFFIN and HARRIS knew she was not entitled.

## Manner and Means of the Conspiracy

Among the manner and means by which Defendants carried out the conspiracy and scheme to defraud were the following:

6.  At GRIFFIN's request, HARRIS requested designation as the representative payee for M.N., J.N., and J.B., from the Social Security Administration ("SSA"), despite the fact the children were in the custody of DCF at the time of his application.

7.  At GRIFFIN's request, HARRIS represented to the SSA, in connection with his request to serve as the representative payee for M.N., J.N., and J.B., that the children lived with him.

2

8.  HARRIS received designation as the representative payee for M.N., J.N., and J.B., from SSA, despite the fact the children were in the custody of DCF at the time he was designated as the representative payee.

9.  HARRIS, after designation as the representative payee, received payments of Social Security benefits designated for M.N., J.N., and J.B., in the form of Treasury checks, despite the fact the children were in the custody of DCF at the time he received payments.

10. HARRIS cashed the Social Security benefits designated for M.N., J.N., and J.B., which he received in the form of Treasury checks.

11. HARRIS provided money received after cashing the Social Security benefits designated for M.N., J.N., and J.B., to GRIFFIN, despite the fact the children were in the custody of DCF at the time.

12. GRIFFIN and HARRIS performed acts and made statements to hide and conceal, and cause to be hidden and concealed, the object and scope of said conspiracy.

### Acts in Furtherance of the Conspiracy and Scheme to Defraud

13. On or about December 2, 2014, HARRIS and GRIFFIN traveled together to the Social Security office in Springfield, Massachusetts to submit requests for HARRIS to serve as the representative payee for GRIFFIN's minor children, M.N., J.N., and J.B., despite the fact that the children were in the custody of DCF.

14. On or about December 2, 2014, HARRIS submitted a request to serve as the representative payee for M.N., and for SSA to pay M.N.'s Title XVI Supplemental Security Income Benefits to him. HARRIS's request falsely stated that M.N. was living with him at the time of the request.

3

15. On or about December 2, 2014, HARRIS submitted a request to serve as the representative payee for J.N., and for SSA to pay J.N.'s Title XVI Supplemental Security Income Benefits to him. HARRIS's request falsely stated that J.N. was living with him at the time of the request.

16. On or about December 2, 2014, HARRIS submitted a request to serve as the representative payee for J.B., and for SSA to pay J.B.'s Title II Auxiliary Child Benefits to him as representative payee. HARRIS's request falsely stated that M.N. was living with him at the time of the request.

17. On one or more occasions between January 2015 and October 2016, HARRIS cashed the Treasury checks he received from SSA as the representative payee for M.N., J.N., and J.B., and provided the money to GRIFFIN.

18. On or about August 23, 2016, GRIFFIN completed Form SSA-L732 "Verification Form," which was sent to HARRIS by SSA. The completed form falsely stated that HARRIS spent all the money he received on behalf of M.N. between January 1, 2015, and December 31, 2015, for the care of M.N. GRIFFIN signed HARRIS's name on the form.

19. On or about August 23, 2016, GRIFFIN completed a Form SSA-L732 "Verification Form," which was sent to HARRIS by SSA. The completed form falsely stated that HARRIS spent all the money he received on behalf of J.N. between January 1, 2015, and December 31, 2015, for the care of J.N. GRIFFIN signed HARRIS's name on the form.

## COUNT ONE
Conspiracy to Commit Theft of Government Money or Steal Government Money
(18 U.S.C. § 371)

The Grand Jury charges:

20. The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this Indictment.

21. Beginning in or about December 2014, and continuing through in or about October 2016, in Hampden County, the District of Massachusetts, the defendants,

> HILDA GRIFFIN and
> DAQUAN HARRIS,

knowingly and willfully conspired with each other to convert to their use and the use of another, money of the United States and any department and agency thereof, whose value exceeded $1,000, in violation of Title 18, United States Code, Section 641.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## Theft of Government Money
## (18 U.S.C. § 641)

The Grand Jury further charges:

22.    From in or about October 2014 through in or about December 2014, and from in or about October 2017 through in or about May 2018, in Hampden County, in the District of Massachusetts, and elsewhere, the defendant,

## HILDA GRIFFIN,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to her use, and the use of another, any record, voucher, money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, Title XVI Social Security Income Benefits intended for her minor child, M.N., having a value of approximately $7,397.

All in violation of Title 18, United States Code, Section 641.

## COUNT THREE
## Theft of Government Money
## (18 U.S.C. § 641)

The Grand Jury further charges:

23. From in or about October 2014 through in or about December 2014, in Hampden County, in the District of Massachusetts, and elsewhere, the defendant,

## HILDA GRIFFIN,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to her use, and the use of another, any record, voucher, money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, Title XVI Social Security Income Benefits intended for her minor child, J.N., having a value of approximately $1,442.00.

All in violation of Title 18, United States Code, Section 641.

7

## COUNT FOUR
### Theft of Government Money
### (18 U.S.C. § 641)

The Grand Jury further charges:

24. From in or about October 2014 through in or about December 2014, in Hampden County, in the District of Massachusetts, and elsewhere, the defendant,

### HILDA GRIFFIN,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to his use, and use of another, any record, voucher, money and thing of value of the United States and of any department and agency thereof, namely, Title II Auxiliary Child Benefits intended for her minor child, J.B., having a value of approximately $76.00.

All in violation of Title 18, United States Code, Section 641.

## COUNT FIVE
### Theft of Government Money
### (18 U.S.C. § 641)

The Grand Jury further charges:

25.     From in or about January 2015 through in or about October 2016, in Hampden County, in the District of Massachusetts, and elsewhere, the defendant,

### DAQUAN HARRIS,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to his use, and the use of another, any record, voucher, money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, Title XVI Social Security Income Benefits intended for minor child, M.N., having a value of approximately $10,017.73.

All in violation of Title 18, United States Code, Section 641.

## COUNT SIX
## Theft of Government Money
## (18 U.S.C. § 641)

The Grand Jury further charges:

26.     From in or about January 2015 through in or about October 2016, in Hampden County, in the District of Massachusetts, and elsewhere, the defendant,

## DAQUAN HARRIS,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to his use, and the use of another, any record, voucher, money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, Title XVI Social Security Income Benefits intended for minor child, J.N., having a value of approximately $10,995.07.

All in violation of Title 18, United States Code, Section 641.

## COUNT SEVEN
### Theft of Government Money
### (18 U.S.C. § 641)

The Grand Jury further charges:

27. From in or about January 2015 through in or about October 2016, in Hampden County, in the District of Massachusetts, and elsewhere, the defendant,

### DAQUAN HARRIS,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to his use, and use of another, any record, voucher, money and thing of value of the United States and of any department and agency thereof, namely, Title II Auxiliary Child Benefits intended for minor child, J.B., having a value of approximately $858.00.

All in violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds that:

28. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 371, and Title 18, United States Code, Section 641, set forth in Counts One through Seven of this Indictment, the defendants,

HILDA GRIFFIN and<br>DAQUAN HARRIS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited by the defendant HILDA GRIFFIN includes, but is not limited to, the following:

    a. $48,841.10, to be entered in the form of a forfeiture money judgment.

The property to be forfeited by the defendant DAQUAN HARRIS includes, but is not limited to, the following asset:

    a. $21,870.80, to be entered in the form of a forfeiture money judgment.

29. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

 All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
CHRISTOPHER MORGAN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: March __7th__, 2019, at _____.
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK