UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

HILDA GRIFFIN,
    Defendant

Crim. No. 3:19-CR-30013-MGM

# DEFENDANT'S SENTENCING MEMORANDUM

## Defendant's Recommendation

Ms Griffin asks this Court to sentence her to 3 years of probation. Ms. Griffin further requests that court waive all fines and fees within its discretion due to her indigence.

## ARGUMENT

Ms. Griffin has endured an extraordinarily difficult life.[1] Her childhood was marked by trauma, abuse and neglect of every type, visited upon her by her siblings, cousins, and other adult relatives. Both of her parents struggled throughout their lives with substance abuse issues, and, no doubt, experienced trauma of their own. And, both parents, despite reportedly achieving some degree of sobriety in their later years, meet tragic ends in the streets of Springfield. Ms. Griffin's mother was killed by a hit and run driver while walking across State Street and her father was beaten to death.

---

[1] Ms. Griffin participated in a forensic psychological evaluation with Dr. Michael Sherry, Psych.D., to assess competence, criminal responsibility and to provide assistance to the court with sentencing. Dr. Sherry's report has been separately filed under seal. In the course of his evaluation, Dr. Sherry reviewed voluminous records, including past psychological evaluations, mental health and medical records and DCF records. These can be made available to the Court upon request.

Inured to living in circumstances of chaos and violence, Ms. Griffin floated into her adulthood careening from one abusive relationship to the next while also dealing with her own substance abuse issues. Through it all, outside of using illegal drugs, Ms. Griffin mostly avoided criminal involvement. But she has never been able to escape involvement with the Department of Children and Family Services - primarily because she has never been able to avoid violence in her personal relationships. Even as recently as 2021, while this case has been pending, the father of one of Ms. Griffin's children, broke into her home and violently attacked her in front of the children. He had an active restraining order at the time. He was charged with several felonies and held without right to bail due to dangerousness, but his case was never indicted by the Hampden County District Attorney's office. He pleaded guilty to lesser charges in District Court and served 18 months in the house of correction. He currently has a pending violation of probation but has defaulted and there is a warrant out for his arrest. Ms. Griffin has no idea where he is and continues to live in fear of him.

Ms. Griffin's tenacious and loving fight to be allowed to raise her children despite her limitations has been a years-long drama, but, so far and despite this case, DCF has failed to convince any judge that the children remaining in her care should be taken away again. Ms. Griffin clearly needs help and resources to raise her children, however. When these charges were issued, Ms. Griffin received notice by the Springfield Housing Authority that she was in danger of losing her housing benefits. That determination has been on hold throughout the pendency of this case.

The joint sentence recommendation before the court now is, in every way, a just and responsible response to Ms. Griffin's conduct and circumstances that led to this case. During the pendency of this case, Ms. Griffin participated in an evaluation with Dr. Rachel

Currie-Rubin, Ed.D. to gauge her level of literacy and language. Dr. Currie-Rubin found that Ms. Griffin is profoundly intellectually disabled and struggles with sever literacy and language deficits.[2] Her disability is a significant mitigating factor here. It is surely the case that Ms. Griffin should, herself, be receiving disability benefits. And, had the system not failed Ms. Griffin throughout her entire life, it could have been determined years ago that she never should have been the designated payee for her children's benefits.

The government's extraordinary agreement to reduce the original charges to misdemeanors will very likely stave off homelessness for Ms. Griffin and her children. If she had been convicted of a felony, especially one of this nature, it was almost guaranteed that she would have lost the housing assistance upon which she relies. In turn, it is virtually guaranteed that DCF would take her children from her again and Ms. Griffin's own circumstance would become even more precarious. Through pretrial supervision and participation in services through DCF and required by the family court, Ms. Griffin has achieved a degree of stability and access to resources over the last few years that have significantly improved her and her children's circumstances. Access to these resources would likely would have slipped away if she had been convicted of a felony and eluded her for the rest of her life.

Ms. Griffin urges the court to accept this joint recommendation of three years probation. While a felony conviction would likely have been catastrophic to Ms. Griffin's already fragile existence, the supervision and support that will come with a misdemeanor conviction and this recommendation of probation will further strengthen her tenuous grip on stability.

---

[2] Dr. Currie-Rubin's Report was filed separately under seal.

## CONCLUSION

For the foregoing reasons, Ms. Griffin asks this Court to impose the sentence jointly recommended by the parties.

/s/Marissa Elkins
Marissa Elkins, Esquire, BBO#668840
31 Trumbull Rd. Suite B
Northampton, MA 01060
melkins@elkinslawllc.com
(413) 341-2131

Certificate of Service
I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June28, 2023.

/s/Marissa Elkins